IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROCKINGHAM CASUALTY COMPANY, as )<br>Subrogee of Joseph A. George,    )<br>    Plaintiff,    )<br>   )<br>    v.    ) 2:10-cv-1434<br>   )<br>FLUIDMASTER, INC.,    )<br>    Defendant.    ) | |

MEMORANDUM and ORDER

Mitchell, M.J.:

    This litigation arises as a result of the December 18, 2009 discovery of a ruptured water line which caused extensive damage at the home of the plaintiff's insured. The matter is presently before the Court on defendant's motion in limine for a <u>Daubert</u> hearing to determine the admissibility of proposed expert testimony.

    Plaintiff's proposed expert, Phillip J. Weis, earned an M.S. degree in Mechanical Engineering. His testimony is being offered for the proposition that the water supply line manufactured by the defendant is subject to rupture when repeatedly exposed to chlorine or products containing chlorine; that chlorine is contained in many household cleansers and accordingly the water line is defectively designed by the defendant and as a result it ruptured and caused the loss to the plaintiff's insured.

    Under Federal Rule of Evidence 702, the holding in <u>Daubert v. Merrill Dow Pharmaceuticals</u>, 509 U.S. 579 (1993) and later cases of the Third Circuit, to be permitted to testify as an expert, the factors which must be demonstrated are "(1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put." <u>Oddi v. Ford Motor</u>, 234 F.3d

136 156 (3d Cir.2000) citing In re Paoli Railroad Yard PCB Litigation, 35 F.3d 717 (3d Cir.1994).

> Plaintiff's proposed expert, in his report concludes:
>
> The cause of [the failure of the water line] is design-related for two reasons. First is the use of a grade of stainless steel that is well known … to corrode and fracture in the presence of low levels of bleach and/or chlorine; these chemicals are present in many common household cleaners and are often stored in vanity or kitchen cabinets where exposed supply lines are also present. The second reason is the use of a low pressure-rated inner water-carrying tubing that will herniate and rupture if the exterior stainless steel braiding support is lost.[1]

From these determinations he draws the ultimate conclusion that as a result of the exposure of the water supply line in question to common household products containing chlorine, it ruptured causing the damage sustained. This conclusion forms the basis for the plaintiff's claim that the water line was defectively designed for its intended purpose.

In his deposition and at the hearing, Weis testified that he had not conducted any testing or investigation to determine whether the water line at issue failed due to chlorine exposure nor that the plaintiff's insured exposed that line to any products containing chlorine. But nevertheless he draws the totally unsupported conclusion that the line failed due to its exposure to household cleansing products, a matter which should have been anticipated by the defendant and therefore the line was improperly designed and led to the damages sustained.

In the instant case, Mr. Weis is competent to testify that it is well known in the industry that chlorine can cause the deterioration of the type of stainless steel outer casing used in the water line and that a rupture of this outer casing can result in the rupture of the enclosed water line resulting in damage.

There is no showing that other than the above facts, the proffered testimony of Mr. Weis rests on more than unsupported speculation, and as such it does not meet the above stated criteria for admissibility, 234 F.3d at 158. For this reason, the plaintiff's Motion in limine (Docket No.20) to preclude his testimony will be granted with the exception of permitting him to testify that chlorine exposure can cause the deterioration of a stainless steel casing and that a rupture of this casing can result in the rupture of the enclosed water line.

---

[1] See: Hearing exhibit at p.3.

An appropriate Order will be entered.

ORDER

AND NOW, this 9th day of January, 2012, for the reasons set forth in the foregoing Memorandum, IT IS ORDERED that the plaintiff's Motion in limine (Docket No.20) to preclude the expert testimony of Phillip J. Weis is GRANTED with the exception of permitting him to testify that chlorine exposure can cause the degradation of a stainless steel casing and that a rupture of this casing can result in the rupture of any enclosed water line.

s/ Robert C. Mitchell
United States Magistrate Judge